UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: Case No. 15-50444-ASW

Dumalag, Marciano & Avecita / CHAPTER 13 PLAN
            Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $ 980 each month. Initial attorneys fees are requested in the amount of $ 5,350.00.
   ✗ Debtor(s) elect a voluntary wage order

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   | Toyota Financial Servs | $43,880.15 | | $700.00 | 5% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
       ✗ at a rate of 0 cents on the dollar. The estimated term of the plan is 60 months. (Percentage Plan)
       ___ the sum of _____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment | Name | Monthly Payment |
   |---|---|---|---|
   | Select Port. Ser. Inc. | $2,700.00 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

                                        Please see attachment to Plan
6. The Debtor(s) elect to have property of the estate:
   ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   ✗ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

Dated: 02/09/2015          /s/ Marciano Y. Dumalag          /s/ Avecita V. Dumalag
                               Debtor                           Debtor

I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: 2/9/2015            /s/ Lars T. Fuller
                               Attorney for Debtor(s)

Rev. 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: Marciano Y. Dumalag & Avecita V. Dumalag
Case No: 15-50444-ASW

# Attachment to Chapter 13 Plan

**Other Provisions:**

The amount of monthly payment in paragraph 4 is present estimate only. The actual amount may be subject to change and shall be determined according to the note and other applicable non-bankruptcy law.

The debtor is applying for a loan modification. Neither the debtor nor the Trustee shall disburse on the arrears owed to Chase Mortgage, as serviced by SPS Servicing, Inc. During the pendency of her mortgage modification application, Debtor shall make monthly payments of $2,700 per month to Chase Mortgage, as serviced by SPS Servicing, Inc. Such amount represents Debtors' estimated modified monthly mortgage payments under the loan modification, based upon Debtors' income at the time of the filing of the bankruptcy petition. If the loan modification is denied, the terms shall revert back to the original loan agreement. In that event, the debtor will amend the plan or file a modification to pay the arrears through the plan.